# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-972V**
**Filed: December 2, 2016**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
DONNIE JORDAN, *
*
Petitioner, *
v. *
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

Damages Decision Based on Proffer; Influenza (“Flu”) Vaccination; Shoulder Injury Related to Vaccine Administration (“SIRVA”); Special Processing Unit (“SPU”)

*John Robert Howie, Jr., Howie Law, P.C., Dallas, TX, for petitioner.*
*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On August 10, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the “Vaccine Act”). Petitioner alleges that he suffered a shoulder injury related to vaccine administration (“SIRVA”) as a result of his September 11, 2015 influenza (“flu”) vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 2, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On December 2, 2016, respondent filed a proffer on award of compensation (“Proffer”) indicating petitioner should be awarded $70,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all “§” references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $70,000.00 in the form of a check payable to petitioner, Donnie Jordan.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| DONNIE JORDAN,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 16-972V<br>Chief Special Master Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $70,000.00 which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $70,000.00 in the form of a check payable to petitioner. Petitioner agrees.

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division

s/Christine Mary Becer
CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3665

Date: December 2, 2016